## UNITED STATES BANKRUPTCY COURT
### FOR THE
### WESTERN DISTRICT OF KENTUCKY

IN RE:                                          )
                                                )
  KENNETH R. WOODS                    )
                                                )  CASE NO.  08-32426(1)(7)
     Debtor             )
——————————————————————— )
                                                )
  JPMORGAN CHASE BANK, N.A.            )
                                                )  AP NO.  08-3115
     Plaintiff          )
                                                )
v.                                              )
                                                )
  THE KENNETH R. WOODS                 )
  AND KATHERINE R. WOODS               )
  LIVING TRUST, et al.                 )
                                                )
     Defendants         )
——————————————————————— )
                                                )
  FIFTH THIRD BANK,                    )
  MICHIGAN, INC.                       )
                                                )
    Counter-Plaintiff/       )
    Cross-Plaintiff          )
                                                )
v.                                              )
                                                )
  KENNETH R. WOODS, et al.             )
                                                )
    Counter-Defendants/      )
    Cross-Defendants         )
——————————————————————— )

## MEMORANDUM-OPINION

This matter is before the Court on the Motions for Summary Judgment of Plaintiff JPMorgan Chase Bank, N.A. ("Chase"), Defendant The Kenneth R. Woods and Katherine R. Woods Living Trust ("the Woods Trust" or "the Trust"), Defendant Katherine R. Woods ("Katherine"), Defendant Fifth Third Bank, Kentucky, Inc. ("Fifth Third"), Defendant United States of America ("USA"), and Robert W. Keats, Trustee of the Estate of Kenneth R. Woods ("Trustee").[1]  The Court considered the Motions, the Responses and Replies to those Motions, as well as its own research.  For the following reasons, the Court **DENIES** the Motion of Fifth Third and **GRANTS** the Motions for Summary Judgment of Chase, the Woods Trust, Katherine, USA and the Trustee.  An Order incorporating the findings herein accompanies this Memorandum-Opinion.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

In 1995, Debtor Kenneth R. Woods and Katherine Woods were married.

In 1997, Debtor and his brother, Gerald Woods, became equal partners in a business called Autosource USA, Inc. ("Autosource").

On January 31, 1997, Debtor and Katherine established The Kenneth R. Woods and Katherine R. Woods Living Trust.  Katherine and Debtor executed a Trust Agreement, a Certificate of Trust, a Power of Attorney for Kenneth Woods and a Power of Attorney for Katherine Woods.  Pursuant to the terms of the Trust, Debtor is a beneficiary and a Trustor of the Trust.  The Trust is a Revocable Trust with each spouse retaining a contingent survivorship interest in the Trust property

---

[1]The Trustee filed a Motion to Declare Real Estate Property of the Debtor Estate, Avoid the Lien of Fifth Third Bank, and Allow Trustee's Motion to Sell Real Estate Free and Clear, Dkt. #69.  The Trustee's Motion is treated as a dispositive motion and considered with the Motions for Summary Judgment.

upon the death of either spouse.  Katherine and Debtor established their Trust for the purpose of dealing with their property in the event of either of their deaths.  They also executed Powers of Attorney so that each could handle matters dealing with the Trust property in the event either became incapacitated.  Each of the Woods put separately owned real and personal property into the Trust.  The property included the real property that constituted the Debtor and Katherine's residence located at 15511 Dawson Hill Road, hereinafter referred to as ("The Property").

Debtor testified that he understood that under the Trust Agreement both his and Katherine's signatures were needed to mortgage or convey Trust property.  The Trust Agreement states, "unless otherwise provided in our Trust Agreement, when either one of us is serving as Trustee under our Trust, that Trustee may conduct business and act on behalf of our Trust without the consent of any other Trustee."  Trust Agreement at 1-1.  Article Fourteen of the Trust Agreement specifically sets forth broad powers for the Trustees, but does not specifically grant the Trustees the power to encumber property to secure loans made to third parties.  It states, "[o]ur Trustee shall have the power to borrow funds from any person . . . and to secure any such obligation by mortgage . . ."  Trust Agreement at 14-4.  The Trust Certificate amplifies this by stating, "The Trustees under the trust agreement are authorized to acquire, sell, convey, encumber, lease, borrow and manage and otherwise deal with interests in real and personal property in trust name."  See, Certificate of Trust at 1.

The parties executed a Power of Attorney so that each could act on behalf of the other in the event of the incapacity of either spouse.  Katherine's Power of Attorney provides:

> This Power shall become effective upon my incapacity as determined in accordance with Article Two, Section I of this Power. . . .

Katherine Woods Durable Power of Attorney at 1-1.  Section 1 of Katherine's Power of Attorney

states, in pertinent part:

> . . . I shall be deemed "incapacitated" if and so long as (i) a court of competent
> jurisdiction has made a finding to that effect . . . (ii) upon certification by  two
> physicians . . . I am unable to properly care for myself or for my person or property,
> which certification shall be made by each physician in a written declaration under
> penalty of perjury; or (iii) I am unable freely to communicate for a period of ninety
> (90) days.

Katherine Woods Durable Power of Attorney at 2-1.

In March 2006, Debtor met with Carin Clements Schetler of Fifth Third regarding a loan for

Autosource to be used as working capital.  Debtor applied for an equity line of credit seeking a

mortgage on the Property.  Schetler took the loan application from Woods over the phone.  Debtor

was later notified by Fifth Third that the loan had been approved.

After the Autosource loan was approved, Schetler was notified that a copy of the Trust

Agreement was required from Debtor.  Debtor provided Schetler with a copy of the Trust Agreement

and she forwarded it to the underwriting department at Fifth Third.

Debtor had previously sought Katherine's consent to mortgage the Property but she refused.

Although, Debtor believed he and his wife's signatures were necessary to mortgage Trust property,

he applied for the Autosource loan from Fifth Third by mortgaging the Property without Katherine's

consent or knowledge.

Debtor informed Fifth Third's loan officer that his wife would not sign the loan application.

Fifth Third was anxious to close the loan, but Debtor informed Fifth Third that his wife was

out of town and could not sign the mortgage on the Trust property.  He gave a copy of Katherine's

Power of Attorney to Fifth Third who later notified Debtor after reviewing it that it could use the

Power of Attorney to close the loan.

At the loan closing, Debtor was presented with the Fifth Third mortgage that had been prepared by Fifth Third.  It contained four signature lines for the following signatures: Ken Woods and Katherine Woods, individually, Ken Woods, Trustee of the Trust and Katherine Woods, Trustee of the Trust.

On April 4, 2006, Debtor executed the Fifth Third mortgage signing on all four signature lines.  He signed once individually, once in his capacity as Trustee for the Trust, once on behalf of Katherine Woods, individually, and once on behalf of Katherine Woods in her capacity as Trustee of the Trust.

Fifth Third sales administrative assistant in the Private Banking Department, Mary E. Campisano, notarized the signatures on the mortgage document.  The notarial certificate states:

> On this 4th day of April, 2006, before me, a Notary Public in and for said County and State, personally appeared
>
> KENNETH R. WOODS AND KATHERINE R. WOODS TRUSTEES UNDER THE KENNETH R. AND KATHERINE R. WOODS LIVING TRUST U/A DATED JANUARY 31, 1997, HUSBAND AND WIFE.
>
> the individual(s) who executed the foregoing instrument and acknowledged that HE/SHE did examine and read the same and did sign the foregoing instrument, and that the same is HIS/HER free act and deed.

Despite this attestation and acknowledgment, Campisano testified that she did not read the acknowledgment before signing it, that she did not see or speak with Katherine in connection with the Mortgage, that she did not review the Power of Attorney and that had there been a problem with Debtor signing on behalf of Katherine, Fifth Third would have informed her of that fact.

Fifth Third transferred to Debtor a $400,000 line of credit under the Mortgage.  It is undisputed that the $400,000 loan was used by Debtor for Autosource or otherwise placed in his personal account.  At no time did Fifth Third inquire as to whether Debtor was Katherine's attorney-

in-fact or whether she was incapacitated. In fact, Katherine was not incapacitated and the loan documents were executed without her authorization or consent.

On February 5, 2008, Chase recorded a Judgment Lien against the Debtor in the amount of $55,961.18. On April 8 and April 28, 2008, the United States Internal Revenue Service filed a Notice of Federal Tax Lien against the Debtor and Katherine R. Woods.

In May 2008, Katherine became aware of the mortgage on the Property.

On June 25, 2008, the Trust and Katherine Woods filed a Verified Complaint against Fifth Third in Jefferson Circuit Court seeking a declaratory judgment to have the mortgage against them declared null and void.

On January 18, 2008, an Agreed Judgment was entered in favor of Chase against the Debtor in the Jefferson Circuit Court in an action by Chase against Debtor and Autosource. Chase filed a Notice of Judgment Lien in the records of the Jefferson County Clerk's office on February 5, 2008.

On June 11, 2008, Debtor filed his Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

On November 6, 2008, Chase instituted this adversary proceeding to determine the priority and extent of liens against the Property.

## LEGAL ANALYSIS

**A. Summary Judgment Standard.**

The standard for summary judgment is set forth in Federal Rule of Civil Procedure 56, made applicable through Federal Rule of Bankruptcy Procedure 7056, which provides:

> The judgment sought should be rendered if the pleadings, the discovery and the disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The non-moving party must then demonstrate that a genuine issue of material fact exists.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In the case at bar, there are no genuine issues of material fact as to the priority and extent of the liens on the Property and Chase, USA, the Trust, Katherine Woods and the Trustee are entitled to summary judgment as a matter of law.  Fifth Third's Motion for Summary Judgment is not supported as a matter of law and must be denied.

**B. The Claims.**

Chase, The Trust, Katherine and the USA have all filed Motions for Summary Judgment contending the mortgage obtained by Debtor through Fifth Third on the Property is invalid because Debtor did not have authority to mortgage Trust property under the terms of the Trust and because the notarial attestation on the mortgage is defective pursuant to KRS 382.270.  The Trustee seeks to avoid Fifth Third's mortgage on the same grounds.

Fifth Third filed Responses to the various Motions for Summary Judgment as well as its own Motion for Summary Judgment contending the mortgage is valid because Debtor had authority under the terms of the Trust to mortgage the Property and that the Property was never property of the bankruptcy estate.  The following analysis of each claim establishes that the Fifth Third mortgage is invalid as a matter of law.

C. **Trust Property is Estate Property**.

Subject to certain exceptions not present in this case, property of the estate includes, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1). An exception to this broad rule is contained in the Code as follows: "A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." 11 U.S.C. §541(c)(2). Where there is no provision in a trust restraining voluntary or involuntary alienation of any of the beneficiary's interest in the trust, every right of the debtor under the trust is property of the estate.

The Trust Property at issue in this case is property of the estate under 11 U.S.C. §541. The Trust terms clearly delineate the Trust as a revocable trust. This Court recently concluded that where a trustor retains full control over a trust, including the power to revoke it completely, creditors have the right to reach the property in the trust. See, In re West, 2009 W.L. 2713331 (Bankr. W.D. Ky. Aug. 25, 2009), citing Prestige Vacations Inc. v. Kozak, 471 F. Supp. 410 (D. Ohio 1979); See also, Matter of Gifford, 93 B.R. 636 (Bankr. N.D. Ind. 1988) (where a debtor has the power to terminate the trust, the debtor's interest in the trust is property of the estate.) There is no doubt that Debtor and Katherine established the Trust for their own benefit. With the consent of the Co-Trustee, Debtor had the power to revoke the Trust. This power along with the Debtor's beneficiary interest in the Trust are clearly property of the estate under 11 U.S.C. §541.

**D.  Debtor Did Not Have Authority to Mortgage Trust Property Without Katherine's Consent.**

Having determined that the estate does have an interest in the Property, the next issue is whether Debtor had authority to mortgage Trust property to Fifth Third under the terms of the Trust Agreement.  Chase, USA, the Trust, Katherine Woods and the Trustee contend Debtor did not have that authority making Fifth Third's mortgage invalid.  Fifth Third, however, contends the Trust Agreement allowed Debtor to do so unilaterally and the fact that Katherine Woods did not personally sign the mortgage does not invalidate it.

The construction and interpretation of contracts, such as the Trust Agreement, constitutes questions of law.  First Commonwealth Bank of Prestonsburg v. West, 55 S.W.3d 829 (Ky. App. 2000).  In order to interpret a trust instrument, a court is obliged to look first within the four corners of the document and determine the trustor's intent from the document itself.  Where possible, all parts of a trust instrument must be given effect and every part of the instrument must be read in conjunction with every other part.  Department of Revenue v. Kentucky Trust Company, 313 S.W.2d 401 (Ky. 1958).  The court must determine the intent of the parties by considering the purpose and subject matter of the contract and the situation and circumstances of the parties. McHargue v. Conrad, 312 Ky. 434, 227 S.W.2d 977, 979 (Ky. 1950).  In addition, the trial court must determine the logical and reasonable meaning of the language used in the document.  Reynolds Metals Co. v. Glass, 302 Ky. 622, 195 S.W.2d 280, 283 (1946).  Where the terms of the trust instrument are ambiguous or equivocal, the court may also look to the conduct of the settlors to ascertain their intent.  Norton v. Citizens Fidelity Bank & Trust Co., 357 S.W.2d 313, 316 (Ky. 1962).

Using these rules of construction, the Court determines that an ambiguity exists in the Trust documents. The terms of the Trust Certificate at paragraph 6 indicate that both parties must consent to an encumbrance of Trust property. However, the Trust itself references action by a single trustee regarding the conducting of business on behalf of the Trust. It also states, "any Trustor acting under this Section 4 may only deal with the other Trustor's contributive share in a fiduciary capacity." Trust, at 1-1.

The Court, in order to construe the Trust Agreement, must look at the conduct of the parties in order to ascertain the intent of the Trustors when the Trust was drafted. The undisputed evidence clearly establishes that both Trustees' intended that each Trustee's consent was required to encumber the Property. The undisputed evidence also establishes that all past transactions involving the Trust property utilized the consent of both Trustees (53 acres were sold in three different transactions with each Trustor signing as Co-Trustee). <u>See</u>, Woods' Deposition at 11. (A prior sale of real property in the Trust at Bridgepoint also required both the Debtor's and Katherine's signatures to complete the transaction.) <u>See</u>, Debtor's Rule 2004 Examination at p. 86-87.

Despite the fact that Debtor knew at the time the Trust was created that both Trustees needed to consent to mortgage Trust property, and that he did not have the consent of his Co-Trustee prior to executing the Fifth Third Mortgage, he moved forward with his plan to mortgage the Property. It is clear that his actions were contrary to the terms of the Trust. It is also undisputed that Fifth Third knew that Katherine's signature was necessary in order to mortgage the Property. Otherwise, it would not have drafted the mortgage document to include a signature line for Katherine in her individual capacity and as a Trustee of the Trust. It is also clear that Fifth Third reviewed the Power of Attorney prior to the execution of the mortgage and was aware that before it could be used,

Katherine had to be incapacitated pursuant to the terms of the Power of Attorney. It is undisputed that Katherine Woods was not incapacitated at the time Debtor executed the mortgage and used the Power of Attorney.

Fifth Third was also aware at the time Debtor signed the mortgage that Katherine was not present, that she did not consent and either knew or with careless disregard failed to determine whether she was incapacitated. Fifth Third should not now be allowed to profit from its own negligence by having its mortgage take priority over other creditors. Debtor's execution of the mortgage was not valid as it was not in compliance with the terms of the Trust.

### E. **The Mortgage Was Not Properly Acknowledged Under KRS 382.270.**

At the time the Fifth Third mortgage was executed, KRS 382.270 stated:

> No deed or deed of trust or mortgage conveying a legal or equitable title to real property shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors until such deed or mortgage is acknowledged or proved according to law. . . .

The undisputed facts of this case show that Katherine did not personally sign the mortgage and she did not personally appear before the notary who attested to that fact. The notary was Fifth Third's agent. Additionally, Debtor signed the mortgage using Katherine's Power of Attorney even though she was not incapacitated as required by the Power of Attorney. This fact was also known to Fifth Third.

A defectively acknowledged security interest or mortgage does not provide constructive notice of the mortgage. See, In re Trujillo, 378 B.R. 526 (B.A.P. 6th Cir. 2007) and cases cited therein. Non-facially defective mortgages are subject to challenge by a trustee in bankruptcy. See, In re Shannon, 343 B.R. 585 (Bankr. E.D. 2006). Fifth Third's reliance on the In re St. Clair, 380 B.R. 478 (B.A.P. 6th Cir. 2006) for the proposition that a notary certificate that is valid on its face

-11-

is not subject to attack by a trustee is misplaced.  The <u>St. Clair</u> case is distinguishable from the case at bar because the debtors who signed the mortgage that was defectively acknowledged in <u>St. Clair</u> admitted their signatures and benefitted from the mortgage.  Here, it is clear that Katherine did not sign the mortgage, denied consenting to the mortgage and did not benefit from it.  Accordingly, the Fifth Third mortgage was *void ab initio* and of no effect.

Finally, it is undisputed that the proceeds of the loan went to the Debtor and his jointly owned business, Autosource.  In other words, Debtor used Trust property for his own benefit.  As a Trustee, Debtor owed the utmost loyalty to the beneficiaries of the Trust.  "The law does not permit a person in a fiduciary capacity to handle the beneficiary's property so as to further his own ends.  He owes the duty of utmost fidelity and loyalty to the beneficiary and if it appears that the trustee is guilty of such self-dealing, the courts will not hesitate to declare such a transaction void." <u>Hutchings v. Louisville Trust Co.</u>, 276 S.W.2d 461, 464 (Ky. 1955); <u>see also</u>, <u>Cummings v. Pitman</u>, 239 S.W.3d 77, 84 (Ky. 2007).  Debtor's actions with regard to the mortgage were invalid as he violated his fiduciary duty to the beneficiaries of the Trust by acting in his own self-interest.  It is undisputed that Katherine Woods did not benefit from the mortgage and the transaction is void.

## <u>CONCLUSION</u>

For all of the above reasons, the Motions for Summary Judgment of Plaintiff JPMorgan Chase Bank, Defendant Katherine R. Woods, Defendant Kenneth R. Woods and Katherine R. Woods Living Trust, and Defendant United States of America, and the Motion to Avoid the Lien of Robert W. Keats, Trustee of the Estate of Kenneth R. Woods are **GRANTED**.  The Motion for Summary Judgment of Fifth Third Bank is **DENIED**.

-12-

Joan A. Lloyd
United States Bankruptcy Judge

Dated:  January 28, 2010

# UNITED STATES BANKRUPTCY COURT
## FOR THE
### WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KENNETH R. WOODS | ) | |
| | ) | CASE NO.  08-32426(1)(7) |
| Debtor | ) | |
| ―――――――――――――――― | ) | |
| | ) | |
| JPMORGAN CHASE BANK, N.A. | ) | |
| | ) | AP NO.  08-3115 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE KENNETH R. WOODS | ) | |
| AND KATHERINE R. WOODS | ) | |
| LIVING TRUST, et al. | ) | |
| | ) | |
| Defendants | ) | |
| ―――――――――――――――― | ) | |
| | ) | |
| FIFTH THIRD BANK, | ) | |
| MICHIGAN, INC. | ) | |
| | ) | |
| Counter-Plaintiff/ | ) | |
| Cross-Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH R. WOODS, et al. | ) | |
| | ) | |
| Counter-Defendants/ | ) | |
| Cross-Defendants | ) | |
| ―――――――――――――――― | ) | |

## **JUDGMENT**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Plaintiff JPMorgan Chase Bank, N.A., Defendant The Kenneth R. Woods and Katherine R. Woods Living Trust, Defendant Katherine R. Woods, Defendant United States of America, and Robert W. Keats, Trustee of the Estate of Kenneth R. Woods are entitled to Judgment avoiding the mortgage of Fifth Third Bank as a matter of law based upon the undisputed material facts in this case.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Motion for Summary Judgment of Defendant Fifth Third Bank, be and hereby is, **DENIED** as Fifth Third Bank is not entitled to judgment as a matter of law based upon the undisputed facts of this case.

This is a final and appealable Judgment and there is no just reason for delay.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  January 28, 2010

-2-